STATE

v.

Theresa GREENE.

No. 94–198–M.P.

Supreme Court of Rhode Island.

June 23, 1995.

Jeffrey Pine, Atty. Gen., Aaron Weisman, Asst. Atty. Gen., Jodi Gladstone, Sp. Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on a petition for certiorari that seeks review of an adjudication of the District Court finding that Theresa Greene, the defendant, had violated the terms of her probation. As a result of the adjudication of violation a judge of the District Court imposed a sentence of one year's incarceration by removing a previous suspension on the execution of said sentence. We vacate the imposition of the sentence and the adjudication of violation and remand the case for a new hearing. The facts of the case insofar as pertinent to this petition for certiorari are as follows.

In March 1993, defendant pleaded nolo contendere to charges of shoplifting and obstructing a police officer. On each count, a suspended sentence of one year was imposed together with a probationary term of one year. On January 31, 1994, a Cranston police officer, Carmine Giarrusso, stopped an automobile driven by defendant because of an expired inspection sticker. The automobile was a four-door 1985 black Ford Tempo. In the vehicle were defendant and her sister, Jacqueline D'Ambra (D'Ambra), who was seated on the passenger side. The officer found in checking the rear license plate that the license plate had been reported stolen three weeks earlier.

The defendant was presented as a violator on a charge of having received stolen goods, the license plate. At the hearing on the violation, Officer Giarrusso testified that he had talked with the owner of the license plate, Paul Buchanan, who told the officer that he was not acquainted with Theresa Greene or D'Ambra and had not given them permission to use his plate. The defendant also presented at the hearing a bill of sale and a document of title relating to the automobile in question. The title indicated one Ronald H. Daigle, Jr., of Warwick as the original owner and a number of assignments through dealers to one Harold J. LeBeau of West Warwick as a purchaser. A separate document, a bill of sale, noted a transfer of the vehicle from LeBeau to D'Ambra for $300. The vehicle listed on the title document and in the bill of sale was a 1985 black Ford Tempo, four-door sedan.

At the hearing an unsworn statement by D'Ambra was admitted as evidence. The statement indicated as follows:

"I Jacqueline came into Cranston Police Station to try to get a 1985 ford tempo released stating I am the owner of the car, but which I'm not. The owner is not present. My sister asked me to do this for her[.]"

D'Ambra gave this statement after she had been admonished of her *Miranda* rights and had signed a so-called rights form.

No adequate reason was given for the failure to present either Paul Buchanan or D'Ambra as witnesses. Officer Giarrusso made a vague suggestion on third-hand information that although an attempt had been made to subpoena Buchanan, he was out of town on business. No reason was given for the failure to present D'Ambra.

In *State v. DeRoche*, 120 R.I. 523, 389 A.2d 1229 (1978), this court implemented standards for the right of confrontation at probation hearings pursuant to constitutional imperatives that had been earlier applied in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In sum we stated in *DeRoche* that "[b]efore admitting hearsay, particularly on issues that are central to the determination of the commission of the violation, the trial justice must determine whether there is good cause for denying confrontation and/or cross-examination." *DeRoche*, 120 R.I. at 533, 389 A.2d at 1234.

In the case at bar no determination of good cause was made for the denial of the right of confrontation of either of these highly significant witnesses. In the case of D'Ambra, her written statement given in the Cranston police station had virtually no indicia of reliability. It was in contradiction of other documentary evidence of title to the automobile and her own initial statement given to the police when she sought release of

the automobile. Certainly confrontation and cross-examination of this witness were essential to defendant.

The ownership of the automobile was a central issue in determining the probability of the defendant's actual or constructive possession of the allegedly stolen license plate. Whether sworn or unsworn, the admission of this hearsay statement was in direct contravention of the principles enunciated in *De-Roche*. In the absence of persuasive findings on the issue of good cause for denying confrontation and the right of cross-examination, neither the testimony of Buchanan nor the statement of D'Ambra should have been admitted into evidence. In the absence of this evidence, there was no support for the charge of receiving stolen goods.

For the reasons stated, the petition for certiorari is granted. The adjudication of violation and the imposition of sentence are hereby vacated. The papers in the case may be remanded to the District Court with our decision endorsed thereon. The prosecution may seek a new violation hearing if it sees fit.

BOURCIER, J., did not participate.