**STATE of Utah, Plaintiff and Appellee,**

v.

**Lethron D. TATE, Defendant and Appellant.**

**No. 981793–CA.**

Court of Appeals of Utah.

Oct. 15, 1999.

---

Joan C. Watt and Stephanie Ames, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Jan Graham, Attorney General and Scott Keith Wilson, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges WILKINS, BILLINGS, and ORME.

## OPINION

WILKINS, Presiding Judge:

¶ 1 Defendant Lethron D. Tate appeals the trial court's revocation of his probation and reinstatement of his previously suspended sentence for violating the terms of his probation. The State concedes error. We reverse.

## BACKGROUND

¶ 2 In March 1997, Tate pleaded guilty to one count of attempted robbery and was sentenced to zero to five years in prison. That sentence was later suspended, and Tate was placed on probation for three years.

¶ 3 In August 1998, Adult Probation and Parole filed an affidavit in support of an order to show cause alleging Tate had violated his probation by committing aggravated assault and forgery. Tate denied both allegations. The trial court held an evidentiary hearing in October 1998 to determine whether Tate's probation should be revoked.

¶ 4 At this hearing, Officer Richard L. Boddy, who had investigated the forgery charges, testified that he had received information from several people that Tate was involved in passing stolen checks at a Denny's Restaurant where he worked. The State presented no evidence supporting the forgery charges other than the several hearsay statements offered by Officer Boddy.

¶ 5 Officers Gilbert Salazar and Kelly Kent testified about their investigation of the alleged aggravated assault. Officer Salazar stated that he was called to investigate an alleged assault in the parking lot of a fast food restaurant. He testified that upon arrival, he found the injured victim and transported him to the hospital. Officer Kent testified that two witnesses told him that an individual named "Lee" or "Lethron" committed the assault. Officer Kent also spoke with the victim and testified that the victim identified Tate as the assailant from a photo lineup. The only evidence Officers Salazar and Kent had linking Tate to the assault were the statements of several people who allegedly witnessed Tate assault the victim and Officer Kent's statement that the victim identified Tate from a photo lineup. Because neither the victim nor any of the witnesses testified, the officer's testimony consisted solely of several hearsay statements supporting the charge of aggravated assault.

¶ 6 In October 1998, the trial court found that Tate had violated his probation and reinstated the original prison term of zero to five years for attempted robbery. The trial court based this ruling solely on the officers' testimony. Tate appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 7 The sole contested issue on appeal is whether the trial court's erroneous admission of hearsay evidence at Tate's probation revocation hearing requires that the order revoking Tate's probation be remanded or vacated.

¶ 8 We "review the trial court's decision to revoke defendant's probation for correctness" and accord it no particular deference. *State v. Martin,* 976 P.2d 1224, 1227 (Utah Ct.App.1999); *see also Layton City v. Peronek,* 803 P.2d 1294, 1300 (Utah Ct.App. 1990) (applying correctness standard and va-

cating order revoking probation where revocation was based solely on hearsay).

## ANALYSIS

¶ 9 Tate argues the trial court violated his due process rights by denying him the opportunity to confront adverse witnesses and therefore, the order revoking his probation should be vacated. We agree.

### I. Due Process

 ¶ 10 In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court concluded that "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Id.* at 480, 92 S.Ct. at 2600. Nonetheless, a probationer has a limited liberty interest and is entitled to minimal due process rights. *See Black v. Romano*, 471 U.S. 606, 611–12, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). One of the requirements of due process in this context is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604.

 ¶ 11 This requirement has been codified in Utah Code Ann. § 77–18–1(12)(d)(iii) (Supp.1999), which provides that in probation revocation proceedings where the defendant denies violating the conditions of his or her parole, "[t]he persons who have given adverse information on which the allegations are based *shall be presented as witnesses subject to questioning by the defendant unless the court for other good cause otherwise orders.*" *Id.* (emphasis added). A finding of good cause requires the trial court to balance the defendant's interest in cross-examining a witness against the State's need to use a particular hearsay statement. *See United States v. McCormick*, 54 F.3d 214, 221 (5th Cir.1995). The purpose of the good cause requirement is to limit the use of unreliable evidence at revocation hearings. *See Egerstaffer v. Israel*, 726 F.2d 1231, 1234 (7th Cir.1984).

 ¶ 12 In this case, although Tate denied violating the terms of his probation, he was not provided an opportunity to cross-examine the individuals with personal knowledge of the alleged violations. Rather than calling individuals with personal knowledge of the alleged incidents which formed the basis of the probation violation, the State chose to make its case solely through the hearsay statements of Officers Boddy, Salazar and Kent. Although hearsay statements can be admissible in probation revocation proceedings, *see State v. Martinez*, 811 P.2d 205, 210 (Utah Ct.App.1991), the trial court, before admitting hearsay, must determine there is good cause for not permitting the probationer to cross-examine the out-of-court declarant whose statement is sought to be introduced as evidence. *See* Utah Code Ann. § 77–18–1(12)(d)(iii) (Supp.1999). In this case, the prosecution did not seek to show good cause and the trial court failed to meaningfully address the issue, to make a specific finding that good cause existed for not allowing confrontation, or to evaluate the reliability of the hearsay statements used by the State. Also, there is no evidence in the record suggesting there was good cause for denying Tate's right of confrontation. The State concedes this omission constitutes reversible error. Having reviewed the record and the applicable law, we agree. Therefore, we next address what the consequence of this error should be.

### II. Remedy

 ¶ 13 Tate asserts the trial court's erroneous admission of hearsay evidence at the probation revocation hearing requires the order revoking Tate's probation be vacated. The State counters by arguing that this case should be remanded to the trial court to consider whether good cause existed and, if so, for a finding of good cause to admit hearsay evidence or, if not, to provide Tate an opportunity to cross-examine the witnesses with first hand knowledge of the alleged probation violations if they can be found.

¶ 14 We conclude that *Layton City v. Peronek*, 803 P.2d 1294 (Utah Ct.App.1990), controls this case. In *Peronek*, the trial court

found the defendant had violated the conditions of her probation and reinstated portions of her original sentence. *See id.* at 1296. On appeal, we determined that defendant's due process rights had been violated because the probation revocation was based solely on unreliable hearsay evidence, the trial court failed to make a finding of good cause, and there was no evidence in the record to "suggest good cause for denying defendant th[e] fundamental right [of confrontation]." *Id.* at 1299 & n. 3. Therefore, we concluded the trial court "improperly determined [that the defendant] violated probation" and held that the proper remedy was to vacate the order reimposing the initially suspended terms of the sentence. *Id.* at 1300.

¶ 15 Likewise, the trial court in this case based its decision to revoke Tate's probation solely on the hearsay statements of Officers Boddy, Salazar, and Kent. The trial court failed to evaluate the reliability of the hearsay statements presented by the State or to perform the proper balancing test to determine whether there was good cause for denying Tate's right to confrontation. Furthermore, there is no evidence in the record showing the declarants could not be present at the hearing or that procuring their appearance would be undesirable or impractical. Although the State urges us to remand this case to the trial court, we do not believe this would be the proper course of action. "To ask the trial court to address the admissibility question now would be to tempt it to reach a post hoc rationalization for the admission of this pivotal evidence. Such a mode of proceeding holds too much potential for abuse." *State v. Ramirez*, 817 P.2d 774, 789 (Utah 1991).

¶ 16 We note that our approach comports with several other jurisdictions that have addressed this issue. *See Commonwealth v. Maggio*, 414 Mass. 193, 605 N.E.2d 1247, 1250 (1993) (vacating trial court's order where revocation of probation was based on unreliable hearsay without a specific finding of good cause for denying confrontation); *City of Cleveland v. Houston*, No. 56969, 1990 WL 66461, at *2, 1990 Ohio App. LEXIS 1916, at *9 (Ohio Ct.App. May 17, 1990) (same); *State v. Greene*, 660 A.2d 261, 263

(R.I.1995) (same); *State v. Koliscz*, 623 A.2d 452, 453 (R.I.1993) (same); *State v. DeRoche*, 120 R.I. 523, 389 A.2d 1229, 1234 (1978) (same). Therefore, the judgment of the trial court, revoking Tate's probation and reimposing the original sentence of incarceration, is vacated.

## CONCLUSION

¶ 17 We conclude the trial court's admission of hearsay, in the absence of a specific finding of good cause for denying confrontation, constitutes reversible error. Therefore, we hold the trial court improperly determined Tate violated his probation, and the order so concluding and reimposing the initially suspended terms of sentence is vacated.

¶ 18 WE CONCUR: JUDITH M. BILLINGS, Judge, and GREGORY K. ORME, Judge.