2004 UT App 193

**ALLSTATE INSURANCE COMPANY, Plaintiff and Appellee,**

v.

**Dixon WONG, Defendant and Appellant.**

**No. 20030072–CA.**

Court of Appeals of Utah.

June 10, 2004.

---

Daniel F. Bertch and Kevin K. Robson, Bertch Robson, Salt Lake City, and Preston L. Handy, Siegfried & Jensen, Murray, for Appellant.

Lynn S. Davies and Zachary E. Peterson, Richards Brandt Miller & Nelson, Salt Lake City, for Appellee.

Before BILLINGS, P.J., GREENWOOD and JACKSON, JJ.

## OPINION

BILLINGS, Presiding Judge:

¶1 Dixon Wong appeals the trial court's order granting Allstate Insurance Company's

(Allstate) Motion to Modify Arbitrator's Award. Wong argues that the trial court erred by (1) modifying the arbitrator's award to conform to the underinsured policy limits and (2) considering extrinsic evidence to conclude that the arbitrator had exceeded his authority.

## BACKGROUND

¶2 On June 1, 2002, Wong sustained serious injuries in an automobile accident in which the other driver was at fault. Wong recovered $50,000 from the other driver's liability policy and $10,690 from his own personal injury protection (PIP) insurance. Wong subsequently filed a claim under his underinsured motorist policy with Allstate. Wong's policy has a recovery limit of $100,000 per person. Allstate disputed the amount of damages claimed by Wong. Thus, the parties agreed to submit their dispute to arbitration[1] and signed two documents: (1) an Arbitration Agreement and (2) a Binding Arbitration Agreement.

¶3 The Arbitration Agreement, drafted by counsel for Allstate,[2] originally contained a high/low clause which stated that "[t]he parties agree to be bound by a high/low agreement with a high of $100,000 and a low of $0.00. The terms of this high/low agreement shall not be disclosed to the arbitrator." However, counsel for Wong crossed out the first line of the proposed agreement and reference to the high/low agreement in the second line so that the clause read: "The terms of this agreement shall not be disclosed to the arbitrator." Counsel for Wong signed and returned the Arbitration Agreement to counsel for Allstate who also signed it with all references to the high/low agreement crossed out. The remaining provisions in the Arbitration Agreement addressed only the rules and procedures for conducting the arbitration.

¶4 On March 18, 2002, the parties signed the Binding Arbitration Agreement, which defined the nature of the dispute to be arbitrated as "underinsured motorist claim—

damages." On May 14, 2002, counsel for Wong sent a letter to Allstate's counsel confirming their agreement that the dispute would be arbitrated without a high/low agreement in place and without making the arbitrator aware of the Arbitration Agreement or the policy limits. On May 15, 2002, counsel for Allstate replied by letter affirming their agreement not to submit a high/low provision to the arbitrator but also indicating Allstate's position that Wong is bound by the $100,000 policy limit regardless of the amount the arbitrator awards.

¶5 The arbitration hearing was held the following day, May 16, 2002. Neither party introduced Wong's insurance policy or any evidence regarding policy limits, and the arbitrator did not request that information. The arbitrator found that Wong had suffered $321,616.85 in damages and awarded a net amount of $260,926,84 after subtracting the liability coverage and PIP benefits previously paid to Wong.

¶6 When Wong refused to accept Allstate's tender of $100,000, Allstate timely filed a Motion to Vacate Arbitrator's Award, or in the Alternative, Motion for Modification of Arbitrator's Award. Allstate provided the trial court an affidavit from an Allstate insurance adjuster and the declarations page of Wong's policy as evidence of the $100,000 policy limit. After a hearing on Allstate's motion, the trial court found that "the arbitrator exceeded his authority and power by entering an award in excess of $100,000, that the award is beyond the reasonable contemplation of the parties, and that award lacks adequate foundation in reason or fact." The court ordered that the arbitrator's award be modified to conform to the policy limits of $100,000. Wong appeals.

## ISSUE AND STANDARDS OF REVIEW

■ ¶7 Wong asserts that the trial court erred by granting Allstate's motion to modify the arbitration award because the arbitrator did not exceed his authority in awarding an

---

1. There is no evidence that Wong's insurance policy with Allstate contained an arbitration clause. Rather, it appears that both parties agreed to arbitration after the dispute arose.

2. At the arbitration, counsel for Allstate was Leonard E. McGee and counsel for Wong was Preston L. Handy.

amount greater than Wong's underinsured motorist policy limit. There are two standards applicable to the review of arbitration awards: the standard applied by the trial court in reviewing the arbitration award and the standard applied in an appellate review of the trial court's decision. *See Softsolutions, Inc. v. Brigham Young Univ.*, 2000 UT 46, ¶ 10, 1 P.3d 1095. "The standard of review for a trial court 'is an extremely narrow one' giving ' "considerable leeway to the arbitrator," ' and setting aside the arbitrator's decision ' "only in certain narrow circumstances." ' " *Id.* (quoting *Buzas Baseball, Inc. v. Salt Lake Trappers, Inc.*, 925 P.2d 941, 947 (Utah 1996) (other citation omitted)). Further, "[t]he trial court 'may not substitute its judgment for that of the arbitrator, nor may it modify or vacate an award because it disagrees with the arbitrator's assessment.' " *Id.* (quoting *Buzas Baseball, Inc.*, 925 P.2d at 947).

[2] ¶ 8 "In reviewing the order of the district court confirming, vacating, or modifying an arbitration award, we grant no deference to the court's conclusions of law, reviewing them for correctness." *Id.* at ¶ 12. In particular, our "scope of review is limited to the legal issue of whether the trial court correctly exercised its authority in confirming, vacating, or modifying an arbitration award." *Intermountain Power Agency v. Union Pac. R.R. Co.*, 961 P.2d 320, 323 (Utah 1998).

3. The Act was repealed and a new Chapter 31a was enacted in its place effective May 15, 2003. *See* Utah Code Ann. §§ 78–31a–101 to –131 (2002).

4. The full text of that former provision provides:
   (1) Upon motion to the court by any party to the arbitration proceeding for vacation of the award, the court shall vacate the award if it appears:
   (a) the award was procured by corruption, fraud, or other undue means;
   (b) an arbitrator, appointed as a neutral, showed partiality, or an arbitrator was guilty of misconduct that prejudiced the rights of any party;
   (c) the arbitrators exceeded their powers;
   (d) the arbitrators refused to postpone the hearing upon sufficient cause shown, refused to hear evidence material to the controversy, or otherwise conducted the hearing to the substantial prejudice of the rights of a party; or

## ANALYSIS

■ ¶ 9 Wong asserts that the trial court erred by modifying the arbitrator's award and by considering extrinsic evidence in interpreting the scope of the parties' submission. Under the Utah Arbitration Act (the Act), *see* Utah Code Ann. §§ 78–31a–1 to –20 (2002),[3] a trial court must *vacate* an arbitration "award if it appears ... the arbitrators exceeded their powers." *Id.* § 78–31a–14(1)(c).[4] The Act also requires a trial court to "*modify* or correct the award if it appears [that] ... the arbitrators' award is based on a matter not submitted to them, if the award can be corrected without affecting the merits of the award upon the issues submitted." *Id.* § 78–31a–15(1)(b) (emphasis added).[5] Here, the trial court found that under section 78–31a–14(1)(c), the arbitrator exceeded his authority. Rather than vacating the award as required by the Act, the trial court modified it to conform to Wong's underinsured motorist policy limits. We conclude this was error.

[4] ¶ 10 Allowing the trial court to vacate that portion of the arbitration award which exceeds the limits of Wong's insurance policy actually modifies the award without determining whether modification is warranted under the Act. Where a trial court determines that an arbitrator exceeds his authority, the proper remedy is to vacate the entire award and "order a rehearing before new arbitrators chosen as provided in the arbitra-

   (e) there was no arbitration agreement between the parties to the arbitration proceeding.
   Utah Code Ann. § 78–31a–14(1) (2002).

5. The full text of that former provision provides:
   (1) Upon motion made within 20 days after a copy of the award is served upon the moving party, the court shall modify or correct the award if it appears:
   (a) there was an evident miscalculation of figures or an evident mistake in the description of any person or property referred to in the award;
   (b) the arbitrators' award is based on a matter not submitted to them, if the award can be corrected without affecting the merits of the award upon the issues submitted; or
   (c) the award is imperfect as to form.
   Utah Code Ann. § 78–31a–15(1) (2002).

tion agreement or by the court." Utah Code Ann. § 78–31a–14(3).

¶ 11 While this is an issue of first impression in Utah, addressing the statutory provisions separately is consistent with Utah case law. In *Softsolutions v. Brigham Young University*, 2000 UT 46, 1 P.3d 1095, the Utah Supreme Court affirmed the trial court's order denying the appellant's motion to vacate or, in the alternative, modify an arbitration award. *See id.* at ¶ 57. The court held that under the Act, a trial court must vacate an arbitration award if it appears that the arbitrator exceeded his authority. *See id.* at ¶ 15. The court explained that for a trial court to conclude an arbitrator exceeded his authority it must "(1) review the submission agreement and determine that the 'arbitrator's award covers areas not contemplated by the submission agreement,' or (2) determine that an award is 'without foundation in reason or fact.' " *Id.* (quoting *Buzas Baseball, Inc. v. Salt Lake Trappers, Inc.*, 925 P.2d 941, 950 (Utah 1996) (other quotations and citations omitted)). In a separate paragraph, the court stated that the Act requires a trial court "to modify an arbitration award if it appears that 'the arbitrators' award is based on a matter not submitted to them, if the award can be corrected without affecting the merits of the award upon the issues submitted.' " *Id.* at ¶ 16 (quoting Utah Code Ann. § 78–31a–15(1)(b) (1996)). The court then addressed each claim separately under the two statutory provisions. *See id.* at ¶¶ 17–39.

¶ 12 Because the trial court in the instant case modified, rather than vacated, the arbitration award, we must examine whether the modification was appropriate under section 78–31a–15(1). In particular, we must determine whether the trial court could have found that the arbitrator's "award [was] based on a matter not submitted to [him]" and, if so, whether the award "can be corrected without affecting the merits of the award upon the issues submitted." Utah Code Ann. § 78–31a–15(1)(b).

■ ¶ 13 First, the trial court could have found that the arbitrator based his award on a matter not presented in the parties' submission agreement. The Binding Arbitration Agreement states that the issue to be addressed by the arbitrator is "underinsured motorist claim—damages." It does not state that any other matters are to be addressed such as the specific amount Allstate must pay Wong under his underinsured motorist insurance policy. The arbitrator correctly determined that Wong had suffered a total of $321,616.85 in damages. However, the arbitrator also decided the net amount to be paid to Wong by Allstate, a "matter not submitted to [him]." Utah Code Ann. § 78–31a–15(1)(b). In particular, the arbitrator reduced the total amount of damages by $60,690.00 for liability coverage and PIP benefits previously paid and awarded Wong a net amount of $260,926.84. However, the matter submitted to the arbitrator was the total amount of damages incurred by Wong without regard to policy limits or other set-off amounts. Therefore, had the trial court examined the Binding Arbitration Agreement and the arbitration award, it could have reasonably concluded that the arbitrator's award was based on a matter not submitted to him.

■ ¶ 14 Second, the trial court could have corrected the award without affecting the merits of the award upon the issue submitted to arbitration by the parties. *See id.* Specifically, because the arbitrator determined what damages Wong suffered prior to calculating the net amount awarded, the trial court could have modified the award to reflect the only issue properly before the arbitrator: damages suffered by Wong without regard to policy limits or other set-off amounts. Therefore, we hold that the trial court could have corrected the award without affecting the merits upon the matter submitted to arbitration. Accordingly, the trial court should have modified the arbitrator's award to reflect the matter submitted to arbitration and entered the total amount of damages incurred by Wong as $321,616.85.

■ ¶ 15 However, the total amount of damages incurred by Wong has no bearing on the maximum amount Allstate could pay Wong pursuant to his underinsured motorist policy. The trial court held that

the underinsured motorist policy constitutes a contract, and ... the policy limits

of $100,000 define the outer extent of exposure to [Allstate] on a claim for underinsured motorist benefits.... The Arbitration Agreement did not operate to open or modify the terms of the insurance contract.... The court finds that the insurance policy limits of $100,000 constitute a contractual determination of the parties, which are not modified or altered by virtue of the arbitration agreements.

We agree. There is no evidence that the parties intended the prior contractual relationship to be modified by either the Arbitration Agreement or the Binding Arbitration Agreement. In fact, correspondence between the parties just prior to the arbitration evidences the opposite intent. Therefore, while the trial court should have modified the arbitration agreement to reflect the matter submitted to the arbitrator, the trial court correctly found that the arbitration did not modify the original contractual obligations of the parties and ordered that Allstate pay Wong $100,000 pursuant to his insurance policy.[6] Accordingly, we affirm.[7]

¶16 WE CONCUR: PAMELA T. GREENWOOD and NORMAN H. JACKSON, Judges.

---

6. However, a better way to reach the same correct result would have been for Allstate to file a declaratory action asking the court to determine the effect of the arbitrator's award on Allstate's obligation to pay Wong, its insured under the policy.

7. Wong also seeks attorney fees pursuant to Utah Code Annotated section 78–31a–16 (2003). Because we affirm, attorney fees are not warranted.