2005 UT 51

**ALLSTATE INSURANCE COMPANY, Plaintiff and Appellee,**

v.

**Dixon WONG, Defendant and Appellant.**

No. 20040670.

Supreme Court of Utah.

Aug. 19, 2005.

Lynn S. Davies, Zachary E. Peterson, Salt Lake City, for plaintiff.

Daniel F. Bertch, Kevin R. Robson, Salt Lake City, Preston L. Handy, Murray, for defendant.

DURRANT, Justice:

¶ 1 In this case, we must determine whether the court of appeals properly modified an arbitration award to reflect the policy limits of an insurance contract that was not provided to the arbitrator. The court of appeals initially determined that the arbitrator based his award on a matter not submitted to arbitration, but went on to conclude that the arbitrator's resolution of the matter actually submitted to arbitration could be salvaged by modifying the award. As a result, the court of appeals modified the award to reflect the insurance policy's liability limit. We granted certiorari to review the court of appeals' decision and now affirm.

## BACKGROUND

¶ 2 Dixon Wong sustained serious injuries as the result of an automobile accident in which the other driver was at fault. Wong ultimately recovered $50,000 from the other driver's insurance policy as well as $10,690 from his own personal injury protection ("PIP") insurance. Both amounts represented the policy limits of the respective insurance coverage. Wong then filed a claim with his insurer, Allstate Insurance Company ("Allstate"), seeking recovery pursuant to the underinsured motorist ("UIM") coverage provided by his policy. Wong's UIM cover-

age limited any potential recovery for his injuries to $100,000.

¶ 3 Allstate and Wong were unable to reach an agreement as to the amount of money Wong was entitled to recover pursuant to his insurance contract. Having reached an impasse, both parties agreed to submit their dispute to binding arbitration. The parties memorialized their agreement in a document entitled "Arbitration Agreement," which expressed their intention to submit their dispute to arbitration and outlined the procedures that would be followed during the arbitration. The Arbitration Agreement was drafted by counsel for Allstate[1] and initially contained a "high/low agreement," whereby the parties agreed to be bound by a damages ceiling of $100,000 and a floor of $0. The clause in question also stipulated that the parties would not disclose the high/low agreement to the arbitrator.

¶ 4 Before signing the Arbitration Agreement, counsel for Wong struck the reference to the high/low agreement, making the relevant clause provide only that "[t]he terms of this agreement shall not be disclosed to the arbitrator." Counsel for Wong then initialed the strike out and signed the agreement. Counsel for Allstate received and signed the modified Arbitration Agreement.

¶ 5 After executing the Arbitration Agreement, the parties entered into another agreement, styled "Binding Arbitration Agreement," at the request of the selected arbitrator, Warren W. Driggs. The Binding Arbitration Agreement is a notably sparse document prepared by Driggs that merely states the parties' intention to submit their dispute to binding arbitration. The agreement identifies the nature of the parties' dispute as "Underinsured Motorist Claim—Damages."

¶ 6 Shortly before arbitration began, counsel for both Wong and Allstate exchanged correspondence addressing the scope of the upcoming arbitration and their perception of the original Arbitration Agreement. Counsel for Wong opined that "[w]e have agreed that the arbitrator will not be made aware of

1. During the arbitration proceedings, Leonard McGee represented Allstate while Preston L. Handy represented Wong. Lynn S. Davies,

Zachary E. Peterson, Daniel F. Bertch, and Kevin R. Robson participated in this matter as appellate counsel only.

either the terms of the Arbitration Agreement or the policy limits under the subject policy. In short, the arbitrator will be afforded the opportunity to award what he believes Mr. Wong's claim is worth, whatever that figure may be." Counsel for Allstate responded that he "agree[d] with [Wong's counsel] that there is not a high/low agreement in place.... [H]owever, it is [Allstate's] position ... that Mr. Wong is still bound by the $100,000.00 contractual limit of his insurance policy, notwithstanding whatever amount the arbitrator may award." Consistent with the parties' understanding, as evidenced by their correspondence, neither Allstate nor Wong disclosed the existence of the parties' initial Arbitration Agreement or the extent of UIM policy limits to the arbitrator.

¶ 7 At the conclusion of the arbitration proceedings, the arbitrator "awarded" Wong net damages in the amount of $260,926.84. This amount represented the arbitrator's assessment of Wong's gross damages, offset by the $60,690 Wong had already recovered. After the award was issued, Wong demanded that Allstate tender the full amount of damages awarded by the arbitrator.

¶ 8 Maintaining that the insurance policy limits capped its exposure to liability in the matter, Allstate filed a motion with the district court requesting that the court either vacate the arbitration award or modify the award to reflect policy limits. The district court concluded that the arbitrator exceeded his authority by purporting to fix Allstate's actual liability at an amount in excess of the UIM policy limit. The district court then modified the arbitration award to reflect the existence of the policy limitation, requiring Allstate to pay Wong $100,000. Wong appealed, and the court of appeals issued its decision on the matter in *Allstate Insurance Co. v. Wong*, 2004 UT App 193, 93 P.3d 849.

¶ 9 In its decision, the court of appeals first highlighted a distinction between situations in which an arbitrator, in issuing an award, exceeds granted authority and those situations in which an arbitrator bases an award on a matter not submitted to arbitration. According to the court of appeals, a court reviewing an arbitration award must vacate that award if the arbitrator exceeded

granted authority and should only modify the award if it was based on a matter not submitted to arbitration and the award can be modified to salvage the arbitrator's determination of the matter actually submitted to arbitration. *Id.* at ¶¶ 10–11.

¶ 10 Beginning with that premise, the court of appeals concluded that the district court improperly modified the arbitration award after finding that the arbitrator had exceeded his authority. *See id.* at ¶ 9. Because the district court modified the arbitration award rather than vacating it, the court of appeals went on to analyze whether there were in fact grounds upon which the district court's modification could be upheld. *See id.* at ¶ 12. The court of appeals ultimately concluded that the arbitrator based his award on a matter not submitted to him (Allstate's contractual liability), and that the award was capable of modification without affecting the merits of the arbitrator's decision with respect to the issue actually submitted to arbitration (the total amount of Wong's damages). *See id.* at ¶ 13–14. According to the court of appeals, "the matter submitted to the arbitrator was the total amount of damages incurred by Wong without regard to policy limits or other set-off amounts." *Id.* at ¶ 13. However, in the court of appeals' view, "the total amount of damages incurred by Wong has no bearing on the maximum amount Allstate could pay Wong pursuant to his underinsured motorist policy." *Id.* at ¶ 15. Because the court of appeals concluded that the arbitrator based his award on a matter not submitted to arbitration and that the award could be modified to salvage the arbitrator's resolution of the matter actually submitted to arbitration, the court of appeals modified the award to reflect the liability limitation contained in the insurance policy.

¶ 11 We granted certiorari to review the decision of the court of appeals. We have jurisdiction pursuant to Utah Code section 78-2-2(3)(a) (2002).

## STANDARD OF REVIEW

¶ 12 On certiorari, we review the decision of the court of appeals and not that of the district court. *State v. Cram*, 2002 UT

37, ¶ 6, 46 P.3d 230. Our review extends no further than to determine whether the court of appeals "accurately reviewed the trial court's decision under the appropriate standard of review." *Id.* (internal quotation omitted). In this case, no party has claimed that the standard of review utilized by the court of appeals was improper. Indeed, it is clear that the court of appeals appropriately confined its review to determining whether the district court's legal conclusions were correct. *See Allstate Ins. Co. v. Wong,* 2004 UT App 193, ¶ 8, 93 P.3d 849 (citing *Intermountain Power Agency v. Union Pac. R.R. Co.,* 961 P.2d 320, 323 (Utah 1998)). As a result, our review in this matter is confined to determining whether the court of appeals' conclusions of law were correct.

## ANALYSIS

¶ 13 The central issue in this case is whether the court of appeals properly modified the arbitration award to reflect the existence of insurance policy limits. In undertaking our analysis, we will first examine the appropriateness of the court of appeals' conclusion that the district court failed to conduct the proper analysis before it modified the award. We will then determine whether the court of appeals correctly concluded that the arbitration award was based on a matter not submitted to arbitration and that modification of the award could salvage the arbitrator's resolution of the issue actually submitted.

## I. VACATION OF AN ARBITRATION AWARD IS THE PROPER REMEDY WHEN AN ARBITRATOR EXCEEDS GRANTED AUTHORITY

█ ¶ 14 Although the court of appeals ultimately concluded that modifying the arbitration award was appropriate, it initially held that the district court failed to conduct the required analysis to determine whether modification of the award was the appropri-

ate remedy. *Allstate Ins. Co. v. Wong,* 2004 UT App 193, ¶ 10, 93 P.3d 849. As noted, according to the court of appeals, if a district court determines that an arbitrator exceeded the authority granted by an arbitration agreement, the proper remedy, absent further analysis, is vacation, rather than modification, of the award. *Id.* In the present case, the district court modified the arbitration award after concluding that the arbitrator exceeded his authority when he purported to fix Allstate's liability. The court of appeals held that the district court, by confining its analysis to a determination of whether the arbitrator exceeded his authority, failed to fully analyze whether modification of the award was appropriate under the circumstances. We agree.

¶ 15 The Utah Code allows parties aggrieved by the issuance of an improper arbitration award to seek either vacation or modification of the award. Utah Code Ann. §§ 78–31a–14 to –15 (2002).[2] Specifically, section 78–31a–14 outlines situations in which vacation of an arbitration award is an appropriate remedy and section 78–31a–15 outlines situations in which modification of an arbitration award is an appropriate remedy. *See id.* In relevant part, the Utah Arbitration Act provides that a reviewing court shall vacate an arbitration award if "the arbitrators exceeded their powers," *id.* § 78–31a–14(1)(c), but it also provides that a reviewing court shall modify an arbitration award if it "is based on a matter not submitted to [arbitration], [and] the award can be corrected without affecting the merits of the award upon the issues submitted," *id.* § 78–31a–15(1)(b).

¶ 16 In essence, the district court melded these two provisions together, first concluding that the arbitrator exceeded his authority and then modifying the award, a remedy not applicable to situations where an arbitrator has only exceeded granted authority. As noted by the court of appeals, the district court was foreclosed from providing the rem-

---

2. The Utah Arbitration Act was repealed and a new chapter 31a, entitled Utah Uniform Arbitration Act, was enacted in its place effective May 15, 2003. *See* Utah Code Ann. §§ 78–31a–101 to –131 (2002). Although the provisions of the new act addressing vacation and modification of arbitration awards vary somewhat from those

contained in the old act, the language relevant to the current dispute remains identical. *Compare id.* §§ 78–31a–14(1)(c) & 78–31a–15(1)(b) *with id.* §§ 78–31a–124(1)(d) & 78–31a–125(1)(b). Because the resolution of the present dispute is governed by the provisions of the Utah Arbitration Act, all citations are to that act.

edy of modification without first determining whether modification, rather than vacation, was the appropriate remedy under the circumstances. *See Wong*, 2004 UT App 193 at ¶ 10, 93 P.3d 849; *see also Softsolutions, Inc. v. Brigham Young Univ.*, 2000 UT 46, ¶¶ 17–39, 1 P.3d 1095 (analyzing each claim that an arbitration award should be either vacated or modified by invoking the two relevant statutory provisions and conducting separate analyses under each statute).

■ ¶ 17 Because the district court modified the arbitration award without determining whether the award satisfied the requirements contained in section 78–31a–15, which governs modification of arbitration awards, the court of appeals undertook that analysis to determine whether the district court's modification could nevertheless be affirmed. *Wong*, 2004 UT App 193 at ¶¶ 13–15, 93 P.3d 849. We conclude that this was an appropriate course of action. Having so concluded, we now turn our analysis to a discussion of whether the court of appeals correctly determined that modification of the arbitration award was the appropriate remedy in this case.

## II. ALTHOUGH THE ARBITRATION AWARD WAS BASED ON A MATTER NOT SUBMITTED TO ARBITRATION, THE ARBITRATOR'S RESOLUTION OF THE ISSUE ACTUALLY SUBMITTED CAN BE SALVAGED BY MODIFYING THE AWARD

¶ 18 After determining that the district court failed to conduct the correct analysis before modifying the arbitration award, the court of appeals undertook that analysis, concluding that modification of the award was the appropriate remedy. The court of appeals reached this result after determining that the arbitrator based his award on a matter not submitted to arbitration and that the arbitrator's resolution of the matter actually submitted to arbitration could be salvaged by modifying the award. We agree.

■ ¶ 19 The Utah Arbitration Act requires a district court reviewing an arbitration award to "modify or correct the award" if the award "is based on a matter not sub-

mitted to [arbitration], [and] the award can be corrected without affecting the merits of the award upon the issues submitted." Utah Code Ann. § 78–31a–15(1) (2002). Determining whether a modification of an arbitration award is appropriate under this provision requires a two-part inquiry. First, we must determine if the arbitrator based his award on a matter not submitted to arbitration. Second, we must determine whether the award can be modified to salvage a merits determination of the matter actually submitted to arbitration. We will address each of these issues in turn.

### A. The Arbitrator Based His Award on a Matter Not Submitted to Arbitration

■ ¶ 20 Both the district court and the court of appeals concluded that the issue of Allstate's contractual liability could not be fixed by the arbitrator. The court of appeals based its conclusion on its determination that the parties only authorized the arbitrator to fix the total amount of Wong's damages, not to decide the extent of Allstate's liability. *Allstate Ins. Co. v. Wong*, 2004 UT App 193, ¶ 13, 93 P.3d 849. We agree.

¶ 21 As we stated in *Softsolutions, Inc. v. Brigham Young University*, "[t]he scope of the parties' dispute as defined in their written agreement to arbitrate establishes the scope of the arbitrator's authority in resolving the conflict." 2000 UT 46, ¶ 15 n. 2, 1 P.3d 1095. In this case, the only agreement addressing the scope of the arbitration proceeding is the Binding Arbitration Agreement entered into between Allstate and Wong at the request of the arbitrator. That agreement defines the scope of the parties dispute as "Underinsured Motorist Claim—Damages." Wong requests that we interpret this language as empowering the arbitrator to actually determine Allstate's liability, while Allstate argues that the role of the arbitrator was confined to fixing a dollar amount representing Wong's gross damages, which the parties would then conform to policy limits.

¶ 22 In support of his position, Wong argues that the parties' first agreement, the Arbitration Agreement entered into between Wong and Allstate, defines the scope of the

arbitration proceeding and that the subsequently executed Binding Arbitration Agreement was nothing more than a memorandum memorializing the parties' hiring of Driggs to serve as the arbitrator. We reject Wong's contention, as there is simply no language in the Arbitration Agreement that purports to delineate the scope of the matter submitted to arbitration.

¶ 23 Nevertheless, we note that the series of events that transpired after Allstate initially presented the Arbitration Agreement for the signature of Wong's counsel does illuminate the parties' perception of the nature of the arbitration proceeding. Specifically, correspondence between counsel for both Wong and Allstate evidences an understanding that neither party would inform the arbitrator of the insurance policy limits. Such a practice is commonplace in disputes of this nature, as parties to arbitration realize that imposing predetermined boundaries as to the range of a permissible award may adversely affect an arbitrator's ability to make an objectively fair assessment of damages. *See, e.g., Applehans v. Farmers Ins. Exch.*, 68 P.3d 594, 596 (Colo.Ct.App.2003) (discussing a situation in which parties agreed not to disclose policy limits to arbitrator); *Tellkamp v. Wolverine Mut. Ins. Co.*, 219 Mich.App. 231, 556 N.W.2d 504, 509 (1996) (noting that whether an arbitrator will be informed of policy limits "is generally left to the agreement of the parties"). The policy of withholding insurance contract limits from consideration at arbitration proceedings has even been given statutory status by the Utah State Legislature, which has imposed a requirement that, when arbitrating certain claims under a motor vehicle insurance policy, the policy limits may not be disclosed to the arbitrator. *See* Utah Code Ann. § 31A–22–303(9)(h)–(i) (Supp.2004).

¶ 24 However, on appeal, Wong's counsel now argues that Allstate waived the right to rely on policy limitations when seeking vacation or modification of the arbitration award. According to Wong's counsel, Allstate was required to introduce the policy limits during the arbitration proceeding if it wished to enjoy the benefit of that cap on its liability. However, given the parties' understanding prior to the commencement of arbitration that policy limits would not be disclosed to the arbitrator, it is disingenuous at best for Wong's counsel to now argue that Allstate, by "failing" to disclose policy limits to the arbitrator, has waived the right to now rely on those limits. In correspondence exchanged shortly before arbitration commenced, Wong's counsel stated that "[w]e have agreed that the arbitrator will not be made aware of either the terms of the Arbitration Agreement or the policy limits under the subject policy. In short, the arbitrator will be afforded the opportunity to award what he believes Mr. Wong's claim is worth, whatever that figure may be." Counsel for Allstate immediately responded that, while he agreed that the policy limits would not be disclosed to the arbitrator, Wong would nevertheless be bound by those limits, and any damages amount determined by the arbitrator would be conformed to reflect policy limits. Wong's counsel chose to remain silent in the face of Allstate's letter and failed to contest Allstate's understanding of the parties' agreement. However, Wong's counsel has now ended his silence and requests that this court spring the trap set by his maneuvering and hold that Allstate has waived the right to rely on the policy limits. We decline to do so. *See Applehans*, 68 P.3d, at 599–600 (rejecting an argument that insurance policy limits were waived as an affirmative defense because of the potential existence of an agreement to not disclose those limits to the arbitrator).

¶ 25 Instead, we choose to give effect to the intent of the parties as evidenced by the language of the Binding Arbitration Agreement. By the terms of that agreement, the parties agreed to submit the issue of Wong's damages to arbitration. The parties did not submit to arbitration the issue of Allstate's liability to Wong. *Cf. id.* at 600 (concluding that language confining the scope of arbitration to "the amount of damages to which [plaintiff] is entitled as a result of her injuries sustained, if any, in the accident," limited arbitration to a determination of "the damages plaintiff would be entitled to recover from the underinsured tortfeasor" (internal quotation omitted)). In fact, there is no language in the Arbitration Agreement or in the

Binding Arbitration Agreement that would operate to invalidate or otherwise modify the mutual obligations contained in the parties' insurance contract. In the absence of such language, as well as the lack of any behavior that would evidence a contrary intent, we conclude that the insurance contract, as well as the policy limits contained in that contract, remain in full force.

¶ 26 As a result, the arbitrator, by purporting to fix Allstate's liability, based his award on a matter not submitted to arbitration. Having so concluded, we next analyze whether, by modifying the arbitration award, we can salvage the arbitrator's decision on the merits of the matter actually submitted to arbitration.

*B. The Arbitrator's Decision as to the Matter Actually Submitted Can Be Salvaged Through Modification of the Award*

¶ 27 Although the arbitrator based his award on a matter not submitted by purporting to fix Allstate's liability rather than designating the extent of Wong's damages, vacation of that award will not be necessary if the arbitrator's resolution of the issue actually submitted to arbitration can be salvaged by modifying the award. The court of appeals concluded that modification of the award was appropriate in this case because a decision on the matter actually submitted to arbitration was salvageable. We agree.

¶ 28 It is a relatively simple matter to modify the arbitrator's award in such a fashion as to confine its scope to a resolution of the matter submitted to arbitration. Specifically, modification of the arbitrator's award to accurately reflect a determination of the matter actually submitted results in total damages to Wong of $321,616.85.[3] However, as noted above, the parties to this dispute engaged in no conduct that would operate to invalidate or otherwise change the policy limits contained in the parties' insurance contract. We therefore affirm the court of appeals' ruling that the arbitration award

be conformed to the policy limits and hereby order Allstate to pay Wong $100,000.

### CONCLUSION

¶ 29 We conclude that the court of appeals correctly modified the arbitration award. The award was based on a matter not submitted to arbitration and the merits determination of the matter actually submitted was salvageable by modifying the award to reflect both Wong's gross damages and the existence of the insurance policy limits. Affirmed.

¶ 30 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT's opinion.

---

3. We note that the arbitrator awarded Wong $260,926.84. In reaching that number, the arbitrator subtracted as set-offs Wong's recovery from the other driver's insurance company as well as from Wong's own PIP policy. However, we agree with the court of appeals that the arbitrator was charged with the task of determining Wong's total damages without regard to policy limits or set-off amounts. *See Wong,* 2004 UT App 193 at ¶ 14, 93 P.3d 849.