2006 UT 48

STATE of Utah, Plaintiff and Petitioner,

v.

Tonya ALTHOFF, Defendant
and Respondent.

No. 20050269.

Supreme Court of Utah.

Sept. 8, 2006.

See also 147 P.3d 1176, 2006 WL 2578202.

Mark L. Shurtleff, Att'y Gen., Brett J. Delporto, Asst. Att'y Gen., Salt Lake City, Craig C. Halls, Blanding, for plaintiff.

William L. Schultz, Moab, for defendant.

DURRANT, Justice:

## INTRODUCTION

¶ 1 In this case, we consider whether testimony as to the quantity of methamphetamine typifying personal use is expert testimony pursuant to rule 702 of the Utah Rules of Evidence and therefore subject to the qualification and advance disclosure requirements associated with that classification of testimony. We conclude that fact or opinion testimony based on specialized knowledge may be admitted only as expert testimony. We further agree with the court of appeals

that Chief Kent Adair's testimony at trial regarding personal use quantities of methamphetamine was expert testimony based on his specialized knowledge. Finally, because it is not within the scope of the issue upon which we granted certiorari, we do not address the State's alternative argument that we should reverse the court of appeals because it was harmless error to admit Chief Adair's testimony absent the required thirty days' notice. We accordingly affirm the court of appeals' decision.

## BACKGROUND

¶ 2 The background in this case is the same as in the companion case of *State v. Rothlisberger*[1] released concurrently with this opinion. The only material difference is that, because Respondent Tonya Althoff was the driver and owner of the car, she was also charged with driving with measurable controlled substance in the body, a class B misdemeanor; driving on a suspended or revoked operator's license, a class B misdemeanor; and failure by new owner to secure new registration and new certificate of title, a class C misdemeanor.

¶ 3 Althoff was convicted by the jury on all charges against her, and she timely appealed. The court of appeals adopted its reasoning in its *State v. Rothlisberger* case and reversed all of her convictions.[2] We granted certiorari to review whether the court of appeals correctly determined that Chief Adair's testimony regarding the quantity of methamphetamine typical of personal use is expert testimony governed by rule 702 of the Utah Rules of Evidence. We have jurisdiction pursuant to Utah Code section 78–2–2(3).

## STANDARD OF REVIEW

¶ 4 On certiorari, we review the decision of the court of appeals for correctness.[3] In this case, the court of appeals applied the appropriate standard of review, reviewing for abuse of discretion the trial court's determination that Chief Adair's testimony was not expert testimony.[4]

## ANALYSIS

¶ 5 This case is a companion case to *State v. Rothlisberger*[5] and is before us on certiorari on an issue identical to the issue in that case. Specifically, in the companion case we considered whether Chief Adair's testimony as to the quantity of methamphetamine typifying personal use was expert testimony admissible only through rule 702 of the Utah Rules of Evidence. In that case, we affirmed the court of appeals and held that (1) both fact and opinion testimony based on specialized knowledge fall within the scope of rule 702 of the Utah Rules of Evidence,[6] (2) rule 701 of the Utah Rules of Evidence does not allow admission of testimony based on specialized knowledge,[7] and (3) Chief Adair's testimony as to the quantity of methamphetamine typical of personal use was expert testimony because it was based on knowledge beyond the ken of the average bystander.[8] We also concluded that the harmless error issue urged by the State was outside the scope of the issue upon which we granted certiorari review.[9] We accordingly declined to address that issue.[10] As this case is equivalent to that case in almost every respect, we adopt the same analysis here. We recognize that the State has urged us to reinstate Althoff's convictions unrelated to Chief Adair's testimony that were reversed by the court of appeals. We decline to address this issue, however, because it is not properly before us on certiorari. The State

1.  2006 UT 49, ¶¶ 2–7, 147 P.3d 1176.

2.  *State v. Althoff*, 2005 UT App 69U, ¶¶ 2–3, 2005 WL 375089.

3.  *State v. Cram*, 2002 UT 37, ¶ 6, 46 P.3d 230.

4.  *Alder v. Bayer Corp.*, 2002 UT 115, ¶ 20, 61 P.3d 1068.

5.  2006 UT 49, ¶ 1, 147 P.3d 1176.

6.  *Id.* ¶¶ 14–20.

7.  *Id.* ¶¶ 21–29.

8.  *Id.* ¶¶ 30–36.

9.  *Id.* ¶ 37.

10. *Id.*

did not petition the court of appeals for rehearing and did not seek review of this issue in its petition for certiorari.

## CONCLUSION

¶ 6 For the reasons discussed above and in the companion case of *State v. Rothlisberger*, we conclude that the district court erred in characterizing Chief Adair's testimony as nonexpert testimony. We therefore affirm the court of appeals' decision.

¶ 7 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT's opinion.