2010 UT App 231

**STATE of Utah, Plaintiff and Appellee,**

v.

**Gary Whitener SMITH, Defendant and Appellant.**

**No. 20090775–CA.**

Court of Appeals of Utah.

Aug. 19, 2010.

Milton T. Harmon, Nephi, for Appellant.

Mark L. Shurtleff and Laura B. Dupaix, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ORME.

## MEMORANDUM DECISION

**PER CURIAM:**

¶1 This case is before the court on the State of Utah's Motion to Strike Appellant's Brief, Discharge Counsel, and Appoint Qualified Appellate Counsel under Rule 38B of the Utah Rules of Appellate Procedure. Significantly, no opposition to the motion has been filed.

¶2 Based upon the State's motion and our review of the brief filed by appointed counsel on behalf of Defendant Gary Whitener Smith, we agree that Defendant's brief wholly fails to comply with the requirements of rule 24(a) of the Utah Rules of Appellate Procedure and must be stricken. Briefs that do not comply with rule 24 "may be disregarded or stricken, on motion or sua sponte by the court, and the court may assess attorney fees against the offending lawyer." Utah R.App. P. 24(k). The brief does not provide a summary of proceedings in the district court and contains only a very brief statement of facts, omitting any supporting citations to the record as required by rule 24(a)(7). See id. R. 24(a)(7) ("All statements of fact and references to the proceedings below shall be supported by citations to the record."). Rule 24(a)(5) requires an appellant's brief to contain "[a] statement of the issues presented for review, including for each issue: the standard of appellate review with supporting authority." Id. R. 24(a)(5). However, the standard of review section in the brief filed in this case states only that the district court "allowed witnesses to testify who were clearly prejudiced and unclear in their testimony" followed by a statement that "[c]onsideration of such claim is a privilege and is within the sound discretion of the court and thus the standard of review is abuse of discretion and failure to grant Appellant due process of law." This confusing statement does not satisfy the requirements of rule 24(a)(5). In addition, rule 24(a)(8) requires an appellant's brief to contain both a summary of the argument and a more detailed and developed argument section. See id. R. 24(a)(8). "The argument shall contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Id. R. 24(a)(9). The brief in this case contains a cursory summary of

the argument, but it does not contain an argument section. The summary itself is a scant paragraph requesting this court to "consider the requirements of due process of law," followed by a list of constitutional rights. This argument is followed by a one-sentence conclusion stating, "The Defendant/Appellant invokes his right to appeal and asks the appella[te] court to determine if his rights as an accused were granted and due process of law allowed." This approach to appellate "advocacy" flies in the face of our oft-repeated reminder that the appellate courts of this state are not "a depository in which the appealing party may dump the burden of argument and research." *State v. Thomas*, 961 P.2d 299, 304 (Utah 1998).

¶ 3 Briefs that do not comply with the detailed requirements set forth in rule 24(a) may be disregarded or stricken by the court. *See State v. Green*, 2005 UT 9, ¶ 11, 108 P.3d 710 ("A brief which does not fully identify, analyze, and cite its legal arguments may be 'disregarded or stricken' by the court and we may fine the responsible attorney," citing Utah R.App. P. 24(j)); *State v. Sloan*, 2003 UT App 170, ¶ 13, 72 P.3d 138 (declining to address an issue that was inadequately briefed); *State v. Price*, 827 P.2d 247 (Utah Ct.App.1992)(declining to reach the merits of an issue on appeal where defendant's brief was "clearly deficient under the provisions of Rule 24"). We conclude that the brief filed by appointed counsel in this case is clearly deficient under rule 24(a). Possibly the most glaring defect in the brief is the lack of any "reasoned analysis based upon relevant legal authority," *see Sloan*, 2003 UT App 170, ¶ 13, 72 P.3d 138. "An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *Id.*

¶ 4 In 2008, we struck an appellant's brief filed by this same attorney in *In re N.M.*, Case No. 20071019–CA, which was a juvenile delinquency appeal. Our order of June 8, 2008 struck N.M.'s opening brief because it failed to comply with rule 24(a) of the Utah Rules of Appellate Procedure, and it directed that "N.M. shall file a brief fully complying with rule 24(a) ... within twenty

days of the date of this order." Counsel failed to file a conforming brief, or, indeed, any effort at a conforming brief, despite the mandatory language of our June 2008 order. This failure resulted in the default dismissal of his client's appeal. Although the dismissal order allowed counsel an additional ten days in which to file a brief and obtain reinstatement of the appeal, he also failed to pursue that option for his client.

¶ 5 We strike the brief filed by appointed counsel in this case because it wholly fails to comply with rule 24(a). However, based upon appointed counsel's past performance under similar circumstances and his failure to comply with our directive in the earlier case, rather than permitting counsel the opportunity to file a brief complying with rule 24(a), as is our usual practice, we discharge appointed counsel and remand to the district court for appointment of new counsel. New counsel must, of course, be qualified under rule 38B of the Utah Rules of Appellate Procedure. Our reasoning in support of this decision is that in the 2008 case previously discussed, we struck the noncompliant brief and directed counsel to file a new brief, which he failed to do, ultimately resulting in the dismissal of his client's appeal. Accordingly, we conclude that counsel's prior failure to comply with our directive to correct deficiencies in an appellate brief warrants discharging him as counsel in this case rather than extending him an opportunity to correct the brief.

¶ 6 Rule 38B of the Utah Rules of Appellate Procedure, which establishes the qualifications for appointed appellate counsel, states, in relevant part,

Notwithstanding counsel's apparent eligibility for appointment ..., counsel may not be appointed to represent a party before the Utah Supreme Court or the Utah Court of Appeals if, during the three-year period immediately preceding counsel's proposed appointment, counsel was the subject of an order issued by either appellate court imposing sanctions against counsel, discharging counsel, or taking other equivalent actions against counsel because of counsel's substandard performance before either appellate court.

Utah R.App. P. 38B(e). Our decision to discharge appointed counsel in this case is an event that falls within the express ambit of rule 38B as an order "discharging counsel ... because of counsel's substandard performance" before this court, *see id.*[1] Accordingly, based upon this decision, counsel may not be appointed to represent a party before either state appellate court for the three-year period commencing with the entry of this decision. *See id.*

¶ 7 We grant the State's motions to strike Appellant's brief filed by appointed counsel, and we discharge Milton T. Harmon as appointed appellate counsel. We temporarily remand this case to the district court with instructions to appoint new appellate counsel, which counsel must meet the qualifications set forth in rule 38B of the Utah Rules of Appellate Procedure.

---

1. We clarify that not every order striking a brief that does not comply with rule 24(a) is the equivalent of an order sanctioning or discharging counsel within the ambit of rule 38B. Striking a brief with the direction to file a compliant brief is an effective means to correct problems with appellate briefs. In most cases, requiring an attorney to revise or correct a brief is not tantamount to a sanction of the attorney.