2011 UT App 426

**STATE of Utah, Plaintiff and Appellee,**

v.

**Jennielue Crosby LARSEN, Defendant and Appellant.**

No. 20100473–CA.

Court of Appeals of Utah.

Dec. 15, 2011.

Michael L. Humiston, Vernal, for Appellant.

Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Jennielue Crosby Larsen appeals her convictions for five counts of theft of a firearm. Larsen asserts that the five counts should have merged into one count because they arose out of a single criminal episode. We affirm because Larsen failed to preserve the issue in the district court.

¶ 2 Generally, "claims not raised before the trial court may not be raised on appeal." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. "[A] contemporaneous objection or some form of specific preservation of error must be made a part of the trial court record before an appellate court will review such a claim." *State v. Johnson*, 774 P.2d 1141, 1144 (Utah 1989) (citation and internal quotation marks omitted). Further, the objection must "be specific enough to give the trial court notice of the very error . . . complained of." *Beehive Med. Elecs., Inc. v. Square D Co.*, 669 P.2d 859, 860 (Utah 1983). Larsen never specifically raised the issue of merger to the district court. Larsen claims the issue was preserved when it was raised sua sponte by the district court during a discussion of jury instructions. However, the record demonstrates that the district court raised the issue of merger only as it pertained to sentencing; the district court never raised the issue concerning whether all five counts should be merged into one count because they arose out of a single criminal episode. Accordingly, the issue was not preserved for appeal.

¶ 3 This court may consider an argument that has not been preserved for appeal if it qualifies for an exception to the preservation requirement, such as plain error, exceptional

circumstances, or ineffective assistance of counsel. *See State v. Cram,* 2002 UT 37, ¶ 4, 46 P.3d 230. Larsen fails to argue that any such exception applies to this case. Therefore, we do not address the issue under any of the exceptions to the preservation requirement.[1]

¶ 4 Accordingly, because Larsen failed to preserve the issue for appeal and because Larsen fails argue that any exception to the preservation requirement applies, we decline to address the issue on appeal. We affirm.

---

**1.** The court also notes that Larsen's argument is inadequately briefed. *See State v. Smith,* 2010 UT App 231, ¶ 3, 238 P.3d 1103 (mem.) (per curiam) (" 'An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court.' " (citation omitted)). Here,

---

Larsen's argument is less than one page and makes no attempt to apply the evolving case law concerning merger or the statutory law allowing for separate charges of various crimes arising out of a single criminal episode to the facts of the case. In so doing, Larsen attempts to shift the burden of research and argument to the court.