1999 UT App 062

**STATE of Utah, Plaintiff and Appellee,**

v.

**Caprice T. MARTIN, Defendant and Appellant.**

**No. 971501–CA.**

Court of Appeals of Utah.

March 4, 1999.

Gregory M. Constantino and Edwin S. Wall, Wall & Constantino, Salt Lake City, for Appellant.

Jan Graham, Attorney General, and Kris C. Leonard, Assistant Attorney General, Salt Lake City, for Appellee.

Before WILKINS, P.J., GREENWOOD, Associate P.J., and BILLINGS, J.

## OPINION

GREENWOOD, Associate Presiding Judge:

¶1 On appeal, defendant Caprice T. Martin claims his probation was improperly extended, thereby depriving the trial court of authority to revoke his probation and impose a sentence of one to fifteen years for robbery. We affirm.

## BACKGROUND

¶2 On May 24, 1993, defendant was charged with aggravated robbery, in violation of Utah Code Ann. § 76–6–302 (1995 & Supp. 1998), and aggravated burglary, in violation of Utah Code Ann. § 76–6–203 (1995 & Supp. 1998), both first degree felonies. These charges arose from an incident in which defendant and another man entered a Salt Lake City apartment, held two people at gunpoint and with a knife, threatened to kill the victims, and stole $250 and two check books. The aggravated burglary charge was dismissed in return for defendant's guilty plea to the lesser charge of robbery, a second degree felony, in violation of section 76–6–301 of the Utah Code. *See* Utah Code Ann. § 76–6–301 (Supp.1998). The trial court sentenced defendant to one to fifteen years in the Utah State Prison, but stayed the prison sentence and placed defendant on probation for two years.

¶3 On December 20, 1994, defendant was arrested for violating the following terms of his probation: (1) committing domestic violence; (2) failing to obtain a GED or high school diploma; (3) failing to enter and complete substance abuse therapy; and (4) using marijuana. On January 6, 1995, a hearing was held on the State's Order to Show Cause on these charges. At the hearing, defendant was represented by counsel and admitted to three of the four allegations. As a result, the court revoked defendant's probation and placed him on the Intensive Supervision and Electronic Monitoring program. The court also reinstated defendant's probation, to end on July 6, 1996.

¶4 On May 28, 1996 approximately one month before the July 6, 1996 expiration of defendant's probation, defendant's probation officer filed a Progress/Violation Report with the court, detailing specific probation violations and recommending the probation period be extended from July 6, 1996 to July 6, 1997 to allow defendant to comply with the terms of the probation agreement, including payment of fines and completion of substance abuse counseling. Although defendant did not see this report, he discussed the probation extension with his probation officer, who informed him that if he did not waive his right to a hearing, the State would file a motion for an order to show cause and a hearing would be held at which defendant's probation could be revoked and the original prison sentence reinstated. After this conversation, defendant and his probation officer signed a Waiver of Personal Appearance Before the Court (the Waiver), stipulating to the extension of his probation.[1] The Waiver and the Progress/Violation Report were stapled together and filed with the court. Judge Frank G. Noel dated the report May 28, 1996, and initialed the line "Approved and Ordered." [2]

¶5 During the year following the extension of his probation, defendant was arrested for various crimes, thus violating the terms of his probation. On each occasion, the State sought, and defendant participated in, a hearing on the State's order to show cause in connection with the alleged probation violations. On January 31, 1997, in response to the State's motion to revoke his probation, defendant filed a Motion to Dismiss the probation revocation proceedings against him, claiming (1) his probation was improperly extended after July 6, 1996, thereby depriving the court of authority to revoke his pro-

---

1. At trial, defendant's probation officer testified that after reading the Waiver to defendant, defendant completed and signed it.

2. Defendant argues the court erred in failing to make findings of fact in conjunction with the extension of the probationary period. However, section 77–18–1(12)(e)(i) only requires that a trial court enter findings of fact *"[a]fter the hearing."* Utah Code Ann. § 77–18–1(12)(e) (emphasis added). Because defendant waived his right to a hearing on the extension of his probation, the trial court was not required to enter findings of fact.

bation and reinstate his original prison sentence for robbery; and (2) extension of the probationary period violated his due process rights under the United States and Utah Constitutions. On May 20, 1997, the trial court denied defendant's Motion to Dismiss and entered an order holding that, pursuant to the filing of the May 28, 1996 Progress/Violation Report and Waiver, the court had properly extended defendant's probation. On June 30, 1997, after defendant admitted to escape and assault against a police officer, the trial court revoked defendant's probation, reinstating the original sentence of one to fifteen years in the Utah State Prison for the 1993 robbery conviction. This appeal followed.

## ISSUES

¶ 6 On appeal, defendant raises two procedural issues in challenging the extension and subsequent revocation of his parole. Defendant also argues that he did not knowingly waive his right to an extension hearing and that the Waiver was signed in violation of his constitutional due process rights.[3]

## ANALYSIS

### I. Procedural Challenges

■■■■ ¶ 7 Defendant challenges the procedures used to extend his probation under section 77–18–1 of the Utah Code. *See* Utah Code Ann. § 77–18–1 (Supp.1998). Because the interpretation and application of a statute is a question of law, we review whether the trial court had jurisdiction to extend defendant's probation for correctness. *See State v. Grate*, 947 P.2d 1161, 1164 (Utah Ct.App. 1997).

■■ ¶ 8 Defendant raises two procedural challenges on appeal. First, he argues his probation was improperly extended because there was no motion before the court to extend his probation and the court did not enter a proper order effectuating the extension.[4] Second, defendant claims the trial court erred in failing to follow the steps set forth in subsections (b) through (e) of section 77–18–1(12).

¶ 9 Section 77–18–1(12)(a)(i) provides, "Probation may not be modified or extended except upon waiver of a hearing by the probationer *or* upon a hearing and a finding in court that the probationer has violated the conditions of probation." Utah Code Ann. § 77–18–1(12)(a)(i) (Supp.1998) (emphasis added). Subsections (b) through (e) detail the procedures that must be followed if the probationer elects to have a hearing to address whether the probationer has violated the terms of probation and whether probation should be modified, extended, or revoked. Applying long-standing rules of statutory construction, *see Sierra Club v. Utah Solid and Hazardous Waste Control Bd.*, 964 P.2d 335, 344 (Utah Ct.App.1998) (stating appellate courts guided by the long-standing rule that statutes should be construed according to plain language), the plain meaning of section 77–18–1 leads to the conclusion that probationers may elect either to have a hearing complete with all of the statutory protections set forth in subsections (b) through (e), *or* may waive the right to a hearing, thereby foregoing the procedural safeguards guaranteed in the statute. *See* Utah Code Ann. 77–18–1(12)(b) to (e). In the absence of any statutory or other guidance[5] as to the precise procedures that must be followed to extend probation, we conclude the Progress/Violation Report that was filed requesting extension of defendant's probation and approved by Judge Noel, in addition to defendant's Waiver in compliance with subsection 12(a)(i), were sufficient to comport with the statutory scheme for extensions of probation. We also reject defendant's argu-

---

3. Because our discussion of defendant's procedural challenges and waiver is dispositive, we do not address the State's estoppel argument.

4. Defendant bases this argument on Rule 12 of the Utah Rules of Criminal Procedure but fails to cite any authority supporting his assertion that probation modification proceedings must comply with that Rule.

5. In *State v. Rawlings*, 893 P.2d 1063, 1067 n. 13 (Utah Ct.App.1995), this court declined to address the issue raised by defendant "that the trial court lacked the authority to extend [defendant's] probation based on the absence of a proper motion before the court.".

ment that the trial court was required to follow the steps in subsections (b) through (e), because this argument is inconsistent with the statutory language that a probationer may either elect to have a hearing—comporting with the statutory requirements—*or* may waive his right to a hearing, thereby losing the procedural protections under the statute.

## II. Waiver

¶ 10 Although we review the trial court's decision to revoke defendant's probation for correctness, *see State v. Grate,* 947 P.2d 1161, 1164 (Utah Ct.App.1997), we accord substantial deference to the trial court's underlying factual determinations regarding defendant's Waiver, which we will only disturb upon a finding of clear error. *See State v. Pena,* 869 P.2d 932, 935–36 (Utah 1994).

¶ 11 Defendant argues his probation was improperly extended in violation of the statutory protections afforded probationers in section 77–18–1 of the Utah Code, *see* Utah Code Ann. § 77–18–1 (1997), and his constitutional due process rights. We disagree.

¶ 12 In enacting section 77–18–1(12), our legislature requires that probationers be afforded certain procedural protections before probation is extended. *See id.* § 77–18–1(12); *see also State v. Rawlings,* 893 P.2d 1063, 1067 (Utah Ct.App.1995) (holding probationers facing extension proceedings are afforded "a measure of due process"). It is these *statutory requirements* "to which due process protections attach." *Id.* (citations omitted). In addition to affording probationers certain procedural protections, however, the statute also allows a defendant to waive the statutory requirements. *See* Utah Code Ann. § 77–18–1(12) (1997). Additionally, we have held that a probationer may waive his constitutional due process rights, provided the waiver is knowing and voluntary. *See Rawlings,* 893 P.2d at 1070. That is, " '[u]nder the due process clause, [a defendant is] entitled to have [adequate notice] imparted to him [or her]; that he [or

she] might make an intelligent and informed decision as to whether to waive his [or her] constitutional right to a ... hearing.' " *Id.* (quoting *Worrall v. Ogden City Fire Dep't.* 616 P.2d 598, 602 (Utah 1980)). Thus, we must decide whether defendant effectively waived his right to a hearing by knowingly and voluntarily executing the Waiver.

¶ 13 Defendant argues that *Smith v. Cook,* 803 P.2d 788 (Utah 1990), prohibits revoking or extending probation unless a probationer is given notice of the proceedings prior to the modification hearing.[6] While we agree that *Smith* entitles a defendant to notice that a modification proceeding may be commenced, we disagree with defendant that the reasoning in the later case of *Rawlings* is determinative here. In *Rawlings,* a hearing to extend defendant's probation was scheduled but defendant "received nothing in writing of any nature from any source" and only learned of the hearing by chance two days before the hearing was to take place. *Rawlings,* 893 P.2d at 1065. In addition, the defendant did not attend the hearing, was not represented by counsel, and was not informed his probation had been extended until after the hearing was over. *See id.* Thus, *Rawlings* held that defendant's acquiescence, after the fact, in the extension did not, ex post facto, constitute a valid waiver of his right to a hearing because he was not given the appropriate notice affording him the opportunity to execute a knowing and intelligent waiver of his right to a hearing. *Id.* at 1070.

¶ 14 In contrast, defendant in this case executed the Waiver prior to any scheduling of a hearing. Furthermore, the trial court held an evidentiary hearing to determine whether defendant's waiver of his right to have a hearing prior to extension of probation was knowing and voluntary. The trial court entered the following findings of fact pertinent to this issue:

6. In the hearing on May 8, 1997, this Court heard testimony from, and observed the in court demeanor, affectation and con-

6. *Smith* was decided under a prior version of the statute which provided that "[a]fter a hearing, the Court may increase or decrease the probation period and may revoke or modify any condition of probation." Utah Code Ann. § 77–18–1(4) (1981).

duct of Defendant, and finds him to be an intelligent, capable and reasoned high school graduate, fully cognizant, and demonstrably able to read, write and understand the English language.

7. On May 21, 1996, Defendant met with Agent Anderson regarding his probation status, at which meeting, Defendant was presented with the Waiver form.

8. Having previously been subject to an Order to Show Cause proceeding on January 6, 1995, Defendant was fully cognizant of the possibility of his having an Order to Show Cause filed against him for failing to abide by and complete his probationary condition, and was fully aware of the rights, and risks, entailed in an Order to Show Cause proceeding.

9. On May 21, 1996, Defendant knew that an Order to Show Cause proceeding would be initiated against him if he failed to sign the Waiver of Personal Appearance, knew that at an Order to Show Cause Proceeding he would be entitled to all due process and access to counsel rights available to criminal defendants, knew that he would have the right to admit or deny any allegations of such an Order to Show Cause, knew that he would be entitled to an evidentiary hearing at which the State would have to show, upon the evidence, to a preponderance standard, that a probation violation had occurred, and he knew that his probation could be revoked and his original prison sentence entered if a violation was found.

10. On May 21, 1996, Defendant signed the Waiver of Personal Appearance form freely and voluntarily, knowing that as a result his probation would be extended for an additional twelve months.

¶ 15 In sum, the trial court found defendant was provided adequate notice of the proceedings that would be initiated against him and the rights to which he was entitled if he elected to proceed with a hearing. In addition, defendant's probation officer discussed the extension of his probation and defendant completed and signed the Waiver which stated, "by signing this Waiver I will not be able to represent myself or have an attorney represent me before the Court; however, I am willing to accept the extension of my probation ... and voluntarily waive my right of personal appearance before the court in this matter." [7] Finally, as the trial court found, defendant was not unfamiliar with probation modification proceedings. Only four months prior to the extension of his probation, defendant attended a hearing on the State's order to show cause why defendant's probation should not be revoked. At this hearing, defendant was represented by counsel and admitted to three of the four allegations against him.

¶ 16 The trial court's findings of fact are supported by substantial evidence and do not constitute an abuse of discretion. Therefore, the trial court did not err in concluding defendant was fully aware of his rights should he choose to proceed with a hearing and of the consequences of signing the Waiver.

## CONCLUSION

¶ 17 Because defendant's probation was extended in compliance with section 77–18–1 and because the record supports the trial court's finding that he effectively waived his right to a hearing on the extension, we affirm the extension of defendant's probation and the trial court's subsequent revocation and reinstatement of his original prison sentence for robbery.

¶ 18 Affirmed.

¶ 19 MICHAEL T. WILKINS, Presiding Judge, and JUDITH M. BILLINGS, Judge, concur.

---

7. We find nothing in section 77–18–1 supporting defendant's argument, raised for the first time at oral argument, that a defendant may only waive his right to a hearing if the waiver is executed in the presence of an impartial judicial or administrative officer.