2004 UT App 413

**STATE of Utah, Plaintiff and Appellee,**

v.

**David Jay ORR, Defendant and Appellant.**

No. 20030574–CA.

Court of Appeals of Utah.

Nov. 12, 2004.

Larry R. Keller, Cohne Rappaport & Segal, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Laura B. Dupaix, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges JACKSON, ORME, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 David Jay Orr appeals the trial court's extension of his probation. Orr argues that the trial court lacked jurisdiction due to the expiration of his original probation period. We affirm all aspects of the trial court's decision except for the length of the extension of Orr's probation.

## BACKGROUND

¶ 2 Orr pleaded guilty to two third degree felonies in connection with alleged fraud and securities violations. On May 12, 2000, the trial court sentenced Orr to two consecutive prison terms of zero-to-five years. The court suspended all but six months of the prison time and placed Orr on thirty-six months probation under the supervision of the Utah Adult Probation and Parole Department (AP & P). The court also ordered Orr to pay $355,504.39 in restitution, with directions that Orr was "to pay no less than $1,000 per month towards restitution, or 25% of [his] income, under direction of AP & P."

¶ 3 During his probation, Orr made thirty-four monthly payments of approximately $1080. In May 2003, shortly before Orr's probation period was due to expire, AP & P filed a probation violation report stating that Orr had paid only $34,553.20 in restitution. AP & P characterized this as a probation violation and asked the court to order Orr to show cause as to why his probation should not be revoked. The date stamp on the report reflected a filing date of May 9, 2003. The court issued an order to show cause on May 13, and the order was served on Orr on May 19.

¶ 4 Orr moved to dismiss the order to show cause for lack of jurisdiction. Orr argued that his probation expired by operation of law on May 12, and that to continue his probation AP & P needed to file its report *and* serve him with notice before that date. Based upon a handwritten adjustment to the date stamp on the violation report, Orr argued that the report had been filed one day late, on May 13. Orr also argued that he had not been served with notice of the alleged violation until May 19. Orr failed to make restitution payments in either May or June 2003.

¶ 5 On June 23, 2003, the trial court held a hearing to consider Orr's motion to dismiss. AP & P agent Robert Egelund testified that he had filed the report on May 9, 2003. The trial court, relying on Egelund's testimony as well as the date stamp on the report, found that the report was filed on May 9, three days before the expiration of Orr's probation. The court ruled that the timely filing of the report tolled Orr's probationary period pursuant to Utah Code section 77-18-1(11),[1] and that this tolling provided the court with jurisdiction to extend Orr's probation despite the May 19 service on Orr. *See* Utah Code Ann. § 77-18-1(11) (2003).

¶ 6 The trial court then extended Orr's probation for the full ten-year term of Orr's suspended prison sentences.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 Orr challenges the trial court's extension of his probation pursuant to Utah Code section 77-18-1. *See* Utah Code Ann. § 77-18-1 (2003). "Because the interpretation and application of a statute is a question of law, we review whether the trial court had jurisdiction to extend defendant's probation for correctness." *State v. Martin*, 1999 UT App 62, ¶ 7, 976 P.2d 1224. Factual findings made by the trial court are "reversed only if clearly erroneous." *State v. Wanosik*, 2003 UT 46, ¶ 9, 79 P.3d 937 (quotations and citation omitted).

## ANALYSIS

I. The Trial Court had Jurisdiction to Extend Orr's Probation

¶ 8 Orr argues that the trial court lacked jurisdiction to extend his probation

---

1. The trial court did not specify which version of Utah Code section 77-18-1 it relied on. For purposes of this matter, section 77-18-1 has not substantively changed since prior to Orr's sentencing, and we will cite to the current version for convenience.

because one or more necessary events [2] did not occur prior to the expiration of his original probation term on May 12, 2003.[3] The trial court determined that AP & P filed its violation report on May 9 and that this filing tolled the running of Orr's probation. *See* Utah Code Ann. § 77–18–1(11) (2003). Accordingly, the trial court found that it had jurisdiction to extend Orr's probation.

¶ 9 Orr argues that AP & P's probation violation report was filed on May 13, rather than May 9 as found by the trial court. "A trial court's factual findings will not be reversed absent clear error." *State v. Widdison*, 2001 UT 60, ¶ 60, 28 P.3d 1278.

> To demonstrate that a finding of fact is clearly erroneous, the defendant "must first marshal all the evidence that supports the trial court's findings. After marshaling the supportive evidence, the appellant then must show that, even when viewing the evidence in a light most favorable to the trial court's ruling, the evidence is insufficient to support the trial court's findings."

*Id.* (quoting *State v. Gamblin*, 2000 UT 44, ¶ 17 n. 2, 1 P.3d 1108) (emphases omitted). Viewing the trial court's decision in the most favorable light, we conclude that it is supported both by the date stamp on the document and by the testimony of AP & P agent Egelund—testimony that the trial court specifically found to be "credible." We affirm the trial court's factual determination that AP & P filed its violation report on May 9.

¶ 10 "The running of the probation period is tolled *upon the filing of a violation report with the court* alleging a violation of the terms and conditions of probation *or* upon the issuance of an order to show cause or warrant by the court." Utah Code Ann. § 77–18–1(11)(b) (2003) (emphases added). Accordingly, the trial court properly found that the May 9 filing of the violation report tolled the expiration of Orr's probation. Orr's original term of probation therefore had not yet expired when he received notice or when the court entered its extension order, and the court had jurisdiction to extend Orr's probation.[4]

## II. The Extension of Orr's Probation Had a Sufficient Factual Basis

¶ 11 Orr next argues that the trial court had no authority to extend his probation because it did not make a specific factual finding that he willfully violated his probation terms. By statute, "[p]robation may not be modified *or extended* except upon waiver of a hearing by the probationer or upon a hearing *and a finding in court that the probationer has violated the conditions of probation*." Utah Code Ann. § 77–18–1(12)(a)(I) (2003) (emphases added). The record before this court adequately reflects the trial court's factual determination that Orr violated the terms of his probation by failing to make complete restitution. It was undisputed that Orr had been ordered to pay over $350,000 in restitution and had actually paid approximately $35,000. The record of Orr's hearing is replete with statements from the trial court indicating the court's acceptance of this factual basis, as is the court's written order.[5]

---

**2.** These events included AP & P's filing of the violation report, the court's issuance of an order to show cause, and the receipt of notice by Orr.

**3.** The parties dispute whether Orr's probation term was originally scheduled to expire on May 12 or May 13. Because we conclude that the running of Orr's probation period was tolled on May 9, we do not reach this issue.

**4.** We note that, in certain circumstances, application of the tolling provision, *see* Utah Code Ann. § 77–18–1(11)(b) (2003), might implicate the due process concerns expressed in *State v. Call*, 1999 UT 42, ¶ 11, 980 P.2d 201 ("[I]f it is the intent of the State to extend the probationary period beyond its original term, the State must take definitive action to extend the term before the expiration date, and the probationer must be given notice of that intent. Otherwise, the probationer is left in a state of uncertainty, not knowing whether to continue to observe the terms of his probation."). We are not convinced that the limited delay between the filing of the AP & P violation report on May 9 and Orr's receipt of notice on May 19 creates such problems.

**5.** At Orr's hearing, the trial court observed that "[Orr] hasn't paid a nickel on his restitution since he thought probation was over." Additionally, the court's July 2, 2003 order stated:

> [Orr's] failure to pay the May and June installments of his restitution underscores the fact that [Orr] is induced to repay his victims only when he is in the shadow of probation and the threat of incarceration is held over him.

We conclude that the trial court properly found that Orr had violated the conditions of his probation by failing to complete the required restitution.

■ ¶ 12 Orr argues that even if he did fail to comply with the probation terms, extension of his probation was improper because the trial court made no finding that his probation violation was willful. Willfulness is not an express statutory requirement for either extension or revocation of probation under section 77–18–1(12). However, this court has stated that "to revoke probation, a violation of a probation condition must, as a general rule, be willful." *State v. Hodges*, 798 P.2d 270, 276 (Utah Ct.App.1990). Absent a finding of willfulness or fault on the part of the probationer, revocation of probation is appropriate only if a violation is found to "presently threaten the safety of society," *id.* at 277, or, in the case of failure to make payments of money, if other alternatives to imprisonment are found to be inadequate to meet the State's interests in punishment and deterrence. *See id.* at 276; *see also Bearden v. Georgia*, 461 U.S. 660, 671–72, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (holding that to revoke probation for failure to make money payments the sentencing court must either find that the probationer was at fault or that other alternatives to imprisonment are inadequate).

¶ 13 Probation revocation necessarily involves the loss of a significantly greater interest—the probationer's liberty—than does the mere extension of probationary status. Indeed, the value of the right to personal liberty appears to have been the underlying basis of the *Hodges* decision:

"The right to personal liberty may be as valuable to one convicted of a crime as to one not so convicted, and so long as one complies with the conditions upon which such right is assured by judicial declaration, he may not be deprived of the same. Such right may not be alternatively granted and denied without just cause."

[Orr's] only incentive to continue making restitution payments is to avoid his probation being revoked...."

These statements reveal an implicit but clear finding that Orr had not paid the entire restitu-

*Hodges*, 798 P.2d at 276 (quoting *State v. Zolantakis*, 70 Utah 296, 259 P. 1044, 1046 (1927)). Nevertheless, to the extent that the requirements of *Hodges* can be applied to the extension of probation, we conclude that the trial court fulfilled those requirements.

¶ 14 The trial court's extension order stated that "[Orr] is induced to repay his victims only when he is in the shadow of probation and the threat of incarceration is held over him" and that "[Orr's] only incentive to continue making restitution payments is to avoid his probation being revoked." These statements constitute clear findings that "alternatives other than [the extension of Orr's probation] are inadequate to meet the state's interest in punishment and deterrence." *Id.* No further finding of "just cause" is required. *Id.*

### III. Probation May Be Extended Only in Increments of the Original Probation Term

■ ¶ 15 Orr argues, and the State concedes, that any extension of probation is limited to a renewal of the original probationary term. We agree. "Upon a finding that the defendant violated the conditions of probation, the court may order the probation revoked, modified, continued, *or that the entire probation term commence anew.*" Utah Code Ann. § 78–18–1(12)(e)(ii) (2003) (emphasis added). Accordingly, the trial court's extension of Orr's probation for ten years, the combined length of his suspended prison terms, was error. The extension of Orr's probation on this occasion should not have exceeded his original probation period of three years.

### CONCLUSION

¶ 16 We conclude that the trial court properly exercised its jurisdiction over Orr when it extended his probation. The trial court erred, however, by extending Orr's probation for a period of time greater than that allowed by Utah Code section 77–18–1. We reverse

tion amount ordered as a condition of his probation. *See State v. Harmon*, 956 P.2d 262, 271 (Utah 1998) (upholding trial court's decision based on implicit factual finding regarding jury prejudice).

and remand this matter with directions that the trial court amend Orr's probation order in a manner consistent with this opinion.

¶ 17 WE CONCUR: NORMAN H. JACKSON and GREGORY K. ORME, Judges.