THORNE, Judge
(concurring):
11 I concur with the majority opinion, as I agree that Brady willfully failed to make restitution payments as required by the terms of his probation. However, I write separately because I believe that there should be a separate legal framework for evaluating probation violations when the sole purpose of granting probation was to benefit the victims by enabling the offender an opportunity to make restitution payments. In such cirenmstances, it would be entirely appropriate for a sentencing judge to impose a strict liability standard on an offender's restitution payments, requiring the offender to essentially waive all due process and liberty interests related to those payments as a condition of probation.
{12 Had such a sentence been imposed on Brady in this case, the trial court would not have needed to concern itself with whether Brady's failure to pay was willful, reasonable, or anything else. Instead, the trial court could simply have revoked Brady's probation for failure to pay restitution as ordered and as agreed to by Brady. I see no constitutional problem with such an approach under existing case law, but if such a problem exists, I would urge a reevaluation of the standards governing probation violations to allow for such an approach in appropriate cases.
{13 My concern arises from situations similar to Brady's involving frauds in which a serious crime has been committed, and the perpetrator has pled guilty to or been con-viected of a felony offense warranting a lengthy prison sentence. The sentencing judge may well look at the severity of the crime committed, the defendant's criminal history, and other relevant factors and conclude that the most appropriate sentence is to commit the defendant to prison. However, it is not uncommon in these situations for the victims to argue for probation instead of imprisonment when the defendant "promises" that he is able to make restitution if he is simply given a chance. In those situations victims often plead passionately in favor of probation for the defendant on the grounds that restitution payments will occur only if the defendant is not imprisoned. It is often difficult for the sentencing judge to ignore these pleas, particularly when the victims may have lost their entire life savings in the defendant's fraud scheme. And the defendant-who has already demonstrated an ability to persuade others to part with their money-has every interest in representing to the victims and the court that all will be made right if only the court orders probation instead of imprisonment.
[ 14 These cireumstances present the sentencing judge with a difficult dilemma, particularly if the judge does not believe that adequate-or, for that matter, any-restitution will really be forthcoming. It is against this backdrop that I propose an exception to the general rule that "[the fundamental fairness requirement of the Fourteenth Amendment forbids the revocation of probation when a probationer has failed to pay restitution or a fine through no fault of his own." State v. Orr, 2005 UT 92, ¶ 33, 127 P.3d 1213 (citing Bearden v. Georgia, 461 U.S. 660, 668, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)). This "special terms probation" would allow a judge who may ordinarily find that the probability of any meaningful restitution is too low and that justice is best served by imprisonment to grant probation based on a defendant's questionable promise of repayment.
€ 15 The normal rule, originating in Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), requires that a failure to pay court-ordered restitution must ordi *783 narily be willful in order to support the revocation of probation. See id. at 668, 108 S.Ct. 2064. However, Bearden presupposed that probation is imposed as "the appropriate and adequate penalty for the crime," id. at 667, 1083 S.Ct. 2064, and that "[the decision to place the defendant on probation ... reflects a determination by the sentencing court that the State's penological interests do not require imprisonment," id. at 670, 108 S.Ct. 2064. This is not the case where, as I have described, a court believes that imprisonment is the appropriate punishment but grants probation solely for the purpose of allowing a chance of restitution to the victims.
116 So long as the sentencing judge makes this clear to a defendant at the time of the initial sentence, along with the announcement of a zero-tolerance policy for nonpayment,[3] I see no violation of the principles announced in Bearden when probation is subsequently revoked based on a bare finding of nonpayment. To the contrary, Bear-den expressly allows for the revocation of probation without a finding of willful nonpayment upon a "determin[ation] that alternatives to imprisonment are not adequate in a particular situation to meet the State's interest in punishment and deterrence." Id. at 672, 103 S.Ct. 2064. In the situation I have described, the sentencing court would make the determination that imprisonment is required to vindicate the State's interests at the time that sentence is imposed. Nevertheless, the court would stay the imposition of imprisonment for the benefit of third parties, ie., the victims of the defendant's fraudulent acts.[4]
117 A sentencing court's decision to impose probation for the sole purpose of allowing restitution payments defers the State's interest in punishment and deterrence indefinitely in favor of the victims' interests in obtaining compensation for their losses.[5] When the victims' interests are not being met due to the defendant's nonpayment of restitution as ordered, the only reason to continue to defer the imprisonment that the crime demands evaporates, and this is true regardless of the reason for the nonpayment. As a practical matter, some defendants may then be imprisoned despite their best efforts at obtaining the funds to pay restitution. However, "[ulltimately, it must be remembered that the sentence was not imposed for a cireumstance beyond the probationer's control 'but because he had committed a crime. " Id. at 668 n. 9, 108 S.Ct. 2064 (citation omitted).
118 For these reasons, I believe that Bearden allows for the revocation of probation without a finding of willful nonpayment of restitution under the cireumstances I have described. To the extent that Bearden does not allow for such a result, I would urge its reconsideration to create such an exception in these cireumstances. Nevertheless, as to Brady, I agree with the majority that he willfully failed to make restitution payments as ordered. Accordingly, I concur in the majority opinion.

. The transcript of Brady's sentencing hearing is not a part of the record on appeal, but under the circumstances it would not surprise me if the sentencing judge made comments substantially expressing these concepts to Brady. However, in light of the record's silence on this matter, I agree with the majority opinion that a finding of willfuiness was required in this case.

. I note that the concept of victims' rights has developed substantially in the thirty years since Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). See, eg., Utah Const. art. I, § 28 ("Declaration of the rights of crime victims") (adopted at election Nov. 8, 1994).

. Of course, additional probation requirements may be imposed that relate to ordinary correctional concerns. Defendants accused of violations of those terms would receive the normal due process protections already in the law related to probation revocations.