2016 UT App 41

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
SAMUEL LORIN JENKINS,
Appellant.

Per Curiam Decision
No. 20141048-CA
Filed March 3, 2016

Third District Court, Salt Lake Department
The Honorable Vernice S. Trease
No. 111905380

Alexandra S. McCallum and McCaye Christianson,
Attorneys for Appellant

Sean D. Reyes, Deborah L. Bulkeley, and Daniel W.
Boyer, Attorneys for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1     Samuel Lorin Jenkins appeals the trial court's order
revoking and reinstating the terms of his probation. We affirm.

¶2     "The decision to grant, modify, or revoke probation is in
the discretion of the trial court." *State v. Jameson*, 800 P.2d 798,
804 (Utah 1990). "Therefore, to reverse the district court's
decision in such proceedings, a reviewing court must determine
'that the evidence of a probation violation, viewed in the light
most favorable to the trial court's findings, is so deficient that the
trial court abused its discretion in revoking defendant's
probation.'" *State v. Orr*, 2005 UT 92, ¶9, 127 P.3d 1213.

Unpreserved claims may be reached under the doctrine of plain error. *See State v. Holgate*, 2000 UT 74, ¶11, 10 P.3d 346.

¶3     Jenkins asserts that it was plain error for the trial court to reinstate his twenty-four month probation because its term was too harsh given that his most recent probation violation was "non-violent" and came after serving eighteen months of probation. In order to demonstrate plain error, a defendant must show that the trial court committed an obvious and harmful error. *See Holgate*, 2000 UT 74, ¶13. However, as a threshold matter, "review under the plain error doctrine is not available when counsel invites the error by affirmatively representing to the district court that there is no objection to the proceeding." *State v. Brooks*, 2012 UT App 34, ¶14, 271 P.3d 831. Jenkins is not entitled to plain error review because he invited any alleged error by agreeing to the revocation and reinstatement of his twenty-four month probation.

¶4     Accordingly, the trial court's order revoking and reinstating Jenkins's probation is affirmed.

_____